**Order Filed on August 18, 2020**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Law Offices of Andy Winchell, P.C.
100 Connell Drive, Suite 2300
Berkeley Heights, New Jersey 07922
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtor

In Re:

Daniela Maria Rosa

                              Debtor

Case No.: 17-27826 (CMG)
Chapter: 11
Judge: Hon. Christine M. Gravelle

 Hearing Date: August 4, 2020
 Hearing Time: 2:00 p.m.

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

The relief set forth on the following pages, numbered two (2) through six (6) is hereby
**ORDERED**

**DATED: August 18, 2020**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Debtor:                  Daniela Maria Rosa
Case No.:                17-27826 (CMG)
Caption of Order:        **ORDER CONFIRMING DEBTOR'S PLAN OF
                         REORGANIZATION**

**THIS COURT** having considered for approval the Debtor's Plan of Reorganization as amended for technical purposes in accordance with representations of counsel on the record and filed in its last version on August 10, 2020 [Docket No. 105] (the "Plan")[1], and the approved Debtor's Disclosure Statement dated as of April 20, 2020 [Docket No. 87] (the "Disclosure Statement"), each filed by the debtor in the above-captioned case (the "Debtor"); and having held a confirmation hearing on the Plan (the "Confirmation Hearing") and which the Court heard presentation of counsel for the Debtor and the Office of the United States Trustee; and the Court having considered the Certification of James Rosa in Support of Plan; and there being no objections filed in opposition to the Plan;

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED AS FOLLOWS:**

A.      **Jurisdiction; Venue; Core Proceeding.** This Court has jurisdiction over the above-captioned chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

B.      **Eligibility for Relief.** The Debtor is and was eligible for relief under section 109 of the Bankruptcy Code.

C.      **Commencement and Administration of the Chapter 11 Case.** On August 31, 2017 (the "Petition Date"), the Debtor commenced this case by filing a petition

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Plan.

Debtor:            Daniela Maria Rosa
Case No.:          17-27826 (CMG)
Caption of Order:  **ORDER CONFIRMING DEBTOR'S PLAN OF
                   REORGANIZATION**

for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor

has operated as debtor-in possession pursuant to section 1107(a) and 1108 of the

Bankruptcy Code. No trustee has been appointed.

D.     **Filing of Plan and Disclosure Statement.** On April 20, 2020, the

Debtor filed a Plan of Reorganization [Docket No. 86] and a corresponding disclosure

statement (the "Disclosure Statement") [Docket No. 87]. On June 2, 2020, the Court

approved the Disclosure Statement [Docket No. 97]. The Debtor filed amended versions

of the Plan on June 23, 2020 [Docket No. 101], July 31, 2020 [Docket No. 103], and

August 10, 2020 [Docket No. 105] to address comments from the Office of the United

States Trustee and the Internal Revenue Service.

E.     **Adequate Notice.** Adequate and sufficient notice of the Plan and the

Confirmation Hearing was provided in compliance with the Bankruptcy Code and the

Bankruptcy Rules.

F.     **Plan Compliance with Bankruptcy Code**. The Plan complies with the

applicable provisions of the Bankruptcy Code, including without limitation: the proper

classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1)); the specification of

Unimpaired Classes of Claims and Interests (11 U.S.C. § 1123(a)(2)); the lack of Impaired

Classes of Claims and Interests (11 U.S.C. § 1123(a)(3)); provision for the same treatment

of each Claim or Interest within a Class (11 U.S.C. § 1123(a)(4)); provision for adequate

and proper means for implementation of the Plan (11 U.S.C. § 1123(a)(5)); lack of rate

utility changes (11 U.S.C. § 1123(a)(6)); the inapplicability of the Best Interests Test in

Debtor: Daniela Maria Rosa
Case No.: 17-27826 (CMG)
Caption of Order: **ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

light of the lack of impaired classes (11 U.S.C. § 1123(a)(7)); the lack of Impaired Classes of Claims (11 U.S.C. § 1123(a)(8)); the appropriate treatment of Administrative Expenses, Priority Taxes, and other Priority Claims (11 U.S.C. § 1123(a)(9)); the inapplicability of the requirement of an accepting impaired class (11 U.S.C. § 1123(a)(10)); that the Plan is not likely to be followed by a liquidation or further financial reorganization (11 U.S.C. § 1123(a)(11)); that the Plan provides for all fees payable pursuant to section 1930 of title 28 (11 U.S.C. § 1123(a)(12)); that the Debtor is not obligated to provide any retiree benefits (11 U.S.C. § 1123(a)(13)); that the Debtor is not obligated to pay any domestic support obligations (11 U.S.C. § 1123(a)(14)); that no holder of an unsecured claim objected to the Plan (11 U.S.C. § 1123(a)(15)); and that the Debtor is not a corporation or trust (11 U.S.C. § 1123(a)(16)).

G. **Assumption and Rejection of Executory Contracts.** Article III.A of the Plan addresses the assumption and rejection of Executory Contracts, and meets the requirements of section 365 of the Bankruptcy Code.

H. **Retention of Jurisdiction.** This Court may lawfully retain jurisdiction over all matters set forth in Article III.C of the Plan.

Now therefore; it is **ORDERED** that:

1. **Confirmation.** The Plan in the form attached hereto as Exhibit A is confirmed. The terms of the Plan are approved and the Debtor is directed to implement, effectuate and consummate any and all documents and/or transactions contemplated in the Plan or this Confirmation Order as necessary or advisable in order to implement the

| Debtor: | Daniela Maria Rosa |
|---|---|
| Case No.: | 17-27826 (CMG) |
| Caption of Order: | **ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION** |

Plan. The Debtor is authorized to make all payments required to be made under the Plan. The Effective Date of the Plan shall be October 1, 2020.

2.   **Notice**. Notice of the Plan (including its exhibits and all amendments and modifications thereto), the Disclosure Statement, and the confirmation hearing were proper and adequate. The amendments to the Plan since its original filing are technical in nature to clarify perceived ambiguities in the Plan and do not require further notice to creditors.

3.   **Authorization to Implement the Plan**. Upon the entry of this Confirmation Order (subject to the occurrence of the Effective Date), the Debtor is authorized to take, or cause to be taken, all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan, and to execute, enter into, or otherwise make effective all documents arising in connection therewith, prior to, on, and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by this Court, and no further approval, act, or action need be taken under any applicable law, order, rule, or regulation.

4.   **Plan Classification and Treatment**. All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved. The Plan and the treatment of claims thereunder shall govern all claims against the Debtor.

Debtor:                Daniela Maria Rosa
Case No.:              17-27826 (CMG)
Caption of Order:      **ORDER CONFIRMING DEBTOR'S PLAN OF
                       REORGANIZATION**

5.      **Rejection and Assumption of Executory Contracts and
Unexpired Leases**. The Executory Contract provisions of Article III.A of the Plan are
approved.

6.      **Revesting of Property in the Debtor.** Following the Effective Date and
the Debtor substantially consummating the Plan by making the payments contemplated
thereunder, all property of the bankruptcy estate shall revest in the Debtor.

7.      **Retention of Jurisdiction.** The Court shall retain jurisdiction over all
matters relevant to the Plan pursuant to Article III.C thereof including without limitation
the Adversary Proceeding.

8.      **Quarterly Fees.** Quarterly fees pursuant to 28 U.S.C. § 1930 (a)(6) shall
continue to be payable to the Office of the United States trustee post-confirmation until
such time as the case is converted, dismissed, or closed pursuant to a final decree.

_____

Hon. Christine M. Gravelle

# EXHIBIT

# A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Law Offices of Andy Winchell, P.C.
100 Connell Drive, Suite 2300
Berkeley Heights, New Jersey 07922
Telephone No. (973) 457-4710
andy@winchlaw.com
By: Andy Winchell [AW-6590]
Attorney for the Debtor

In Re:

Daniela Maria Rosa

Debtor

Case No.: 17-27826 (CMG)

Chapter: 11

# DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

# **TABLE OF CONTENTS**

I.    Introduction ................................................................................................................ 1

II.   Classification and treatment of Claims and Interests ............................................... 1

   A.   General Overview ................................................................................................ 1

   B.   Definitions ........................................................................................................... 1

   C.   Unclassified Claims ............................................................................................. 7

   D.   Classified Claims and Interests. .......................................................................... 8

   E.   Acceptance or Rejection of Plan ........................................................................ 11

   F.   Means of Effectuating the Plan .......................................................................... 11

III.  Treatment of Miscellaneous Items ......................................................................... 12

   A.   Executory Contracts and Unexpired Leases ..................................................... 12

      1.   Assumptions .................................................................................................. 12

      2.   Rejections ...................................................................................................... 12

   B.   Changes in Rates Subject to Regulatory Commission Approval ....................... 13

   C.   Retention of Jurisdiction .................................................................................... 13

   D.   Procedures for Resolving Contested Claims ...................................................... 13

   E.   Notices under the Plan ....................................................................................... 14

IV.  Effect of Confirmation of Plan ............................................................................... 14

   A.   Discharge ........................................................................................................... 14

   B.   Revesting of Property in the Debtor .................................................................. 14

   C.   Modification of Plan .......................................................................................... 15

   D.   Post-Confirmation   Conversion/Dismissal ....................................................... 15

   E.   Post-Confirmation Quarterly Fees ..................................................................... 15

# I.

## INTRODUCTION

Daniela Maria Rosa is the debtor in a chapter 11 bankruptcy case. On August 31, 2017 the Debtor a bankruptcy case by filing a voluntary petition under chapter 11 the United States Bankruptcy Code ("Bankruptcy Code "), 11 U.S.C. § 101 et seq. This document is the chapter 11 plan ("Plan") proposed by the Debtor ("Proponent").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan.

This is a reorganization plan. In other words, the Proponent seeks to accomplish payments under the Plan through contribution from her husband's business and litigation proceeds. The Effective Date for the Proposed Plan is October 1, 2020.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

### B.    Definitions.

**Scope of Definitions.**  For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.  In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or

1

singular number is intended to include the appropriate gender or number as the text may require.

1.    **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.    **Adversary Proceeding** shall mean the litigation Rosa v. Wells Fargo Bank, N.A., Adv. Pro 17-01664 (CMG).

3.    **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as

2

to which any objection has been interposed and such Claim has been allowed in

whole or in part by a Final Order.  Unless otherwise specified in the Plan,

"Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of

computation of distributions under the Plan, include interest on the amount of

such Claim or Equity Interest from and after the Petition Date.

4.    **Allowed Administrative Expense** shall mean any Administrative Expense

allowed under Section 507(a)(1) of the Bankruptcy Code.

5.    **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become

an Allowed Claim.

6.    **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and

as codified in Title 11 of the United States Code.

7.    **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District

of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of

any reference made pursuant to 28 U.S.C. Section 158, the unit of such District

Court constituted pursuant to 28 U.S.C. Section 151.

8.    **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in

bankruptcy, promulgated under 28 U.S.C. Section  2075 and also referred to as

the Federal Rules of Bankruptcy Procedure.

9.    **Business Day** means and refers to any day except Saturday, Sunday, and any other day

on which commercial banks in New Jersey are authorized by law to close.

10.    **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which

Daniela Maria Rosa is the Debtor.

11.    **Claim** shall mean any right to payment from the Debtor whether or not such right is

3

reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  All claims as such term is defined in section 101(5) of the Bankruptcy Code.

12.    **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

13.    **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

14.    **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

15.    **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

16.    **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

17.    **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.  This includes all persons, corporations, partnerships, or business entities holding Claims against the Debtor.

18.    **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

4

19. **Debtor** shall mean Daniela Maria Rosa.

20. **Disbursing Agent** shall mean the Debtor or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

21. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

22. **Effective Date** shall mean October 1, 2020.

23. **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

24. **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

25. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

26. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

27. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

28. **Petition Date** shall mean the date on which the Debtor filed this petition for

5

relief commencing the Chapter 11 Case.

29.     **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with

any additional modifications and amendments.

30.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections

507(a)(2), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it

is entitled to priority in payment under any such subsection.

31.     **Priority Tax Creditor** shall mean a Creditor holding a Priority Tax Claim.

32.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under

section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to

priority under such subsection.

33.     **Proceedings** shall mean the Chapter 11 Case of the Debtor.

34.     **Professional Persons** means and refers to all attorneys, accountants, appraisers,

consultants, and other professionals retained or to be compensated pursuant to an

Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy

Code.

35.     **Professional Claim** means and refers to a claim by any and all professionals as

provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

36.     **Proponent** means the Debtor.

37.     **Reorganized Debtor** means the Debtor after confirmation of the Plan.

38.     **Secured Claim** means and refers to a Claim which is secured by a valid lien, security

interest, or other interest in property in which the Debtor has an interest which has

been perfected properly as required by applicable law, but only to the extent of the

value of the Debtor's interest in such property, determined in accordance with

6

Section 506(a) of the Bankruptcy Code.

39.    **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is

deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such

Debtor, and which is not (i) a Secured Claim pursuant to Section 506 of the Bankruptcy

Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled

to priority under sections 503 or 507 of the Bankruptcy Code.  Unsecured Claim shall

include all Claims against the Debtor that are not expressly otherwise dealt with in the

Plan.

40.    **Other Definitions,** a term used and not defined herein but that is defined in the

Bankruptcy Code shall have the meaning set forth therein.  The words "herein",

"hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole

and not to any particular section, subsection, or clause contained in the Plan.  Moreover

some terms defined herein are defined in the section in which they are used.

**C.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified.

They are not considered impaired and they do not vote on the Plan because they are automatically

entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent

has not placed the following claims in a class. The treatment of these claims is provided below.

**1.  Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the

Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the

Clerk of the Bankruptcy Court and the Office of the United States Trustee are also incurred

during the Chapter 11 Case.  The Code requires that all administrative expenses be paid on

the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

7

<u>Court Approval of Professional Compensation and Expenses Required:</u>

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

**2.  Priority Tax Claims**

Priority Tax Claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) Priority Tax Claim receives the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

| Description | Amount Owed | Treatment |
|---|---|---|
| • Name = Internal Revenue Service<br>• Type of tax = Income<br>• Date tax assessed =<br>  12/31/2015, 12/31/2016 | $58,887.25 | • Paid in full on effective date<br>• Interest rate % = IRC § 6621<br>  rate (approx. 3%)<br>• Total Payout Amount = 100% |

**D.      Classified Claims and Interests.**

**1.     Classes of Secured Claims**

8

Secured Claims are claims secured by liens on property of the estate. The following represent all Classes containing Debtor's prepetition Secured Claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|----------------|-----------|
| 1 | Secured Claim of:<br>• Name = Specialized Loan Servicing<br>• Collateral description = 23 Robin Road, Warren NJ 07059<br>• Collateral value = $835,000<br>• Claimed Priority of security int. = 1st<br>• Principal owed = $622,329.16<br>• Pre-pet. arrearage amount = $541,371.91<br>• Post-pet. arrearage amount = $0<br>• Total claim amount = $1,163,701.01 | N | N | • Pymt interval = monthly<br>• Pymt amt/interval =$4,893.93<br>• Balloon pymt = $328,237.93<br>• Begin date = Nov 2019<br>• End date = Oct 2035<br>• Interest rate % = 3.875%<br>• Total payout % = 100 %<br>• Treatment of lien = preserved |

| 2 | Secured Claim of:<br>• Name = Internal Revenue Service<br>• Collateral description = 23 Robin Road, Warren NJ 07059<br>• Collateral value = $835,000<br>• Claimed Priority of security int. = 2nd<br>• Principal owed = $3,613.10<br>• Pre-pet. arrearage amount = $0.00<br>• Post-pet. arrearage amount = $0<br>• Total claim amount = $3,613.10 | N | N | • Paid in full on effective date<br>• Interest rate % = IRC § 6621 rate (approx. 3%)<br>• Total payout % = 100 %<br>• Treatment of lien = satisfied |

### 2.   Priority Non-Tax Claims

Certain Priority Non-Tax Claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment.  The Debtor does not have any Priority Non-Tax Claims.

### 3.   Class of General Unsecured Claims

General Unsecured Claims are Unsecured Claims not entitled to priority under Code Section 507(a). These Claims are to be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3 | General unsecured claims<br>• Total amt of claims = $17,872.94 | N | • Paid in full on Effective Date<br>• Total payout % = 100% |

10

### 4. Class(es) of Equity Interest Holders

The members of this Class will be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|-----------|
| 4 | The Debtor | N | Retains interest |

## E.    Acceptance or Rejection of Plan

Each Impaired Class of Creditors with Claims against the Debtor's estate shall be entitled to vote separately to accept or reject the Plan.  A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such Class that have accepted or rejected the Plan. In the event that any Impaired Class of Creditors or Equity Interest Holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

## F.    Means of Effectuating the Plan

1.    Funding for the Plan

The Plan will be funded by the following:

A combination of income from the Debtor's husband's business and proceeds from the Adversary Proceeding.

2.    Post-Confirmation Management

The Debtor will manage her own affairs following Confirmation.

3.    Disbursing Agent

11

The Debtor shall act as the Disbursing Agent for the purpose of making all distributions provided for under the Plan.

**III.**

**TREATMENT OF MISCELLANEOUS ITEMS**

A.    **Executory Contracts and Unexpired Leases**

   1.    **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan:

Cell phone contract with Verizon Wireless, Account #xxxxxxx8793

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor.  The Order of the Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above.  If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan.

   2.    **Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.

The Order confirming the Plan shall constitute an Order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan.  See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT WAS JANUARY 17, 2018

12

Any Claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.      Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.      Retention of Jurisdiction.**

The Court shall retain jurisdiction of this case and the Adversary Proceeding pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such Orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**D.      Procedures for Resolving Contested Claims.**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

E.    **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be

deemed to have been received within five (5) days of the date of mailing, provided they are sent

by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the

Proponent, addressed to:

> Law Offices of Andy Winchell, PC
> 100 Connell Drive, Suite 2300
> Berkeley Heights, New Jersey 07922

## IV.

## EFFECT OF CONFIRMATION OF PLAN

A.    **Discharge**

This Plan provides that upon Confirmation of the Plan, Debtor shall be discharged of

liability for payment of debts incurred before Confirmation, to the extent specified in 11

U.S.C.§ 1141.  However, any liability imposed by the Plan will <u>not</u> be discharged.  If

Confirmation of this Plan does not occur, the Plan shall be deemed null and void.  In such event,

nothing contained in this Plan shall be deemed to constitute a waiver or release of any Claims

against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of

the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate.

The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest

Holders, regardless of whether such Claims or Equity Interest Holders are Impaired or whether

such parties accept this Plan, upon Confirmation thereof.

B.    **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the

Plan, the Confirmation revests all of the property of the estate in the Debtor.

14

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or revoting on the Plan if the Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

**D.    Post-Confirmation Conversion/Dismissal**

A Creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**E.    Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930 (a)(6) continue to be payable to the office of the United States trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

Date: August 6, 2020                                     /s/ Daniela Rosa
                                                              **Daniela Rosa**

15

United States Bankruptcy Court
District of New Jersey

In re:                                                    Case No. 17-27826-CMG
Daniela Maria Rosa                                        Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3        User: admin          Page 1 of 1          Date Rcvd: Aug 18, 2020
                           Form ID: pdf903       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 20, 2020.
db              +Daniela Maria Rosa,   23 Robin Road,    Warren, NJ 07059-5039

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2020                          Signature:  /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 18, 2020 at the address(es) listed below:
        Andrew L. Spivack    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
        ADJUSTABLE RATE MORTGAGE TRUST 2005-9, ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATES,
        SERIES 2005-9 nj.bkecf@fedphe.com
        Andy  Winchell    on behalf of Debtor Daniela Maria Rosa andy@winchlaw.com,
        awinchellecf@gmail.com;katharine@winchlaw.com;winchellar94173@notify.bestcase.com
        Andy  Winchell    on behalf of Plaintiff Daniela Maria Rosa andy@winchlaw.com,
        awinchellecf@gmail.com;katharine@winchlaw.com;winchellar94173@notify.bestcase.com
        Brian C. Nicholas    on behalf of Creditor    BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com,
        bkgroup@kmllawgroup.com
        Diane A. Bettino    on behalf of Defendant    WELLS FARGO dbettino@reedsmith.com,
        kcamarda@reedsmith.com
        Diane A. Bettino    on behalf of Interested Party    WELLS FARGO dbettino@reedsmith.com,
        kcamarda@reedsmith.com
        Diane A. Bettino    on behalf of Creditor    WELLS FARGO BANK, N.A. dbettino@reedsmith.com,
        kcamarda@reedsmith.com
        Elizabeth L. Wassall    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
        ADJUSTABLE RATE MORTGAGE TRUST 2005-9, ADJUSTABLE RATE MORTGAGE BACKED PASS THROUGH CERTIFICATES,
        SERIES 2005-9 ewassall@logs.com,  njbankruptcynotifications@logs.com
        Ethan R. Buttner    on behalf of Defendant    WELLS FARGO ebuttner@reedsmith.com
        Ethan R. Buttner    on behalf of Creditor    WELLS FARGO BANK, N.A. ebuttner@reedsmith.com
        Henry Falkner Reichner    on behalf of Defendant    WELLS FARGO hreichner@reedsmith.com,
        rparrish@reedsmith.com;docketingecf@reedsmith.com
        John O. Lukanski    on behalf of Creditor    WELLS FARGO BANK, N.A. jlukanski@reedsmith.com,
        jlukanski@reedsmith.com
        Kevin Gordon McDonald    on behalf of Creditor    Adjustable Rate Mortgage Trust 2005-9, Adjustable
        Rate Mortgage et al... kmcdonald@kmllawgroup.com,  bkgroup@kmllawgroup.com
        Lauren  Bielskie    on behalf of U.S. Trustee    U.S. Trustee lauren.bielskie@usdoj.gov
        Melissa N. Licker    on behalf of Creditor    Specialized Loan Servicing, LLC
        NJ_ECF_Notices@mccalla.com,  mccallaecf@ecf.courtdrive.com
        U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                          TOTAL: 16